UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 94-0447 (PLF) |
| FRANCISCO DURAN, | ) ) ) | Civil Action No. 16-1323 (PLF) |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

On April 11, 2025, the Court denied defendant Francisco Martin Duran's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Dkt. No. 280], as amended by his Supplemental Motion to Vacate Judgment Under 28 U.S.C. § 2255 Based on Johnson and Davis [Dkt. No. 291]. See Opinion and Order ("Op.") [Dkt. No 315]. Mr. Duran now moves for this Court to issue a certificate of appealability. See Motion for Certificate of Appealability ("COA Mot.") [Dkt. No. 319]. Upon careful consideration of the relevant legal authorities and the entire record in this case, the Court will deny Mr. Duran's motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

The Court presumes familiarity with the history of this case, which is described at length in the Court's recent opinion. See Op. at 2-3. What follows is an overview of the facts necessary to resolve Mr. Duran's pending motion for a certificate of appealability.

On October 29, 1994, Mr. Duran stood outside the fence in front of the North Lawn of the White House and fired approximately 29 shots from an assault rifle at a civilian whom he believed to be then-President Bill Clinton. See Op. at 2. On April 4, 1995, a jury

found Mr. Duran guilty of ten separate offenses: one count of attempted murder of the President of the United States in violation of 18 U.S.C. § 1751(c) (Count One); four counts of assaulting, resisting, or impeding a federal officer in violation of 18 U.S.C. § 111(a)(1) and (b) (Counts Two through Five); two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Counts Six and Seven); one count of injury and depredation against property of the United States in violation of 18 U.S.C. § 1361 (Count Eight); one count of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count Nine); and one count of interstate transportation of a firearm in violation of 18 U.S.C. § 924(b) (Count Ten). See Verdict Form [Dkt. No. 126]. Regarding Count Nine, the jury unanimously found that Mr. Duran used or carried a firearm during his attempt to kill the president (Count One), his assaults on four federal officers (Counts Two through Five), and his injury and depredation of United States property (Count Eight), in violation of Section 924(c). See Verdict Form at 6-7.

On June 30, 1995, the Court sentenced Mr. Duran to an aggregate term of 480 months in prison: 360 months for Count One; 120 months for Counts Two, Three, Four, Five, Six, Seven, Eight, and Ten; and 120 months for Count Nine. See Judgment [Dkt. No. 248]. The Court ordered that all sentences would run concurrently, with the exception of Count Nine—the Section 924(c) sentence—which is required by statute to run consecutively. See Judgment at 2.

On June 25, 2016, Mr. Duran filed a motion to vacate, set aside, or correct his sentence under Section 2255. See Op. at 3. On July 26, 2021, Mr. Duran supplemented his Section 2255 motion, arguing that none of the predicate offenses underlying his Section 924(c) conviction—attempted murder of the president under Section 1751(c), assault on federal officers under Sections 111(a)(1) and (b), and injury and depredation of government property under Section 1361—qualify as crimes of violence under Section 924(c)(3)(A). See Op. at 3.

On April 11, 2025, this Court denied Mr. Duran's Section 2255 motion. See Op. In its opinion, the Court explained that Mr. Duran's Section 924(c) conviction remains valid because at least one of the predicate offenses underlying the conviction—forcible assault on a federal officer in violation of Section 111(b)—is a qualifying "crime of violence" under Section 924(c)(3)(A). See Op. at 8-9, 15. Mr. Duran appealed the Court's judgment on May 14, 2025, see Notice of Appeal [Dkt. No. 316], but the D.C. Circuit ordered that the case be held in abeyance pending this Court's determination of whether a certificate of appealability is warranted in this case. See Order of May 16, 2025 [Dkt. No. 318]. On June 4, 2025, Mr. Duran moved for a certificate of appealability. See COA Mot.

## II.  LEGAL STANDARD

In a proceeding brought under 28 U.S.C. § 2255, the applicant cannot take an appeal unless a circuit judge or district judge first issues a certificate of appealability. See FED. R. APP. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Mr. Duran "need not show that he should prevail on the merits . . . . Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." United States v. Mitchell, 216 F.3d 1126, 1130 (D.C. Cir. 2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)) (emphasis in original); see also Miller-el v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); United States v. Clark, Criminal No. 10-0133 (PLF), 2019 WL 4418742, at *1 (D.D.C. Sept. 16, 2019).

III. DISCUSSION

As the Court noted in its opinion denying relief to Mr. Duran under Section 2255, forcible assault on a federal officer under Section 111(b) is a qualifying crime of violence under Section 924(c)(3)(A). See Op. at 8-15. Mr. Duran argues that a certificate of appealability is warranted in this case because reasonable jurists could debate whether Section 111(b) tolerates reckless conduct, which would preclude it from qualifying as a "crime of violence" under Section 924(c)(3). See COA Mot. at 2-4. Mr. Duran advances two arguments supporting this proposition: First, he notes that the D.C. Circuit has held that Section 111(b) is a general intent crime, see United States v. Kleinhart, 27 F.3d 586, 592 (D.C. Cir. 1994), and "general intent crimes tolerate reckless conduct, as proven by the materially identical D.C. crime of assault with a dangerous weapon (ADW)." COA Mot. at 2. Second, he argues that "several courts interpreting analogous ADW statutes with general intent requirements have found [that the statutes'] mens rea standards do not satisfy Borden v. United States, 593 U.S. 420 (2021)." Id.

The Court is not persuaded by Mr. Duran's arguments, and therefore will deny his motion for a certificate of appealability. First, jurists of reason would not debate the Court's holding that Section 111(b) is a qualifying crime of violence under Section 924(c)(3)(A). As the Court stated in its opinion, "every circuit court to have considered the issue, including the D.C. Circuit in an unpublished opinion, has held that Section 111(b) is categorically a crime of violence . . . [and] [t]here is no contrary authority." See Op. at 11 n.3 (collecting cases).

Second, Mr. Duran's argument that Section 111(b) tolerates reckless conduct has been squarely rejected by at least five circuit courts. See Op. at 14-15 (collecting cases); see also United States v. Butler, 141 F.4th 1136, 1150 (10th Cir. 2025) (explaining that Section 111(b) "requires a more culpable mens rea than mere recklessness," and therefore "satisfies Borden's

4

definition of a crime of violence."). Given the abundance of case law directly supporting the proposition that Section 111(b) requires a <u>mens</u> <u>rea</u> greater than recklessness, the Court need not consider decisions interpreting other statutes, as Mr. Duran urges. <u>See</u> COA Mot. at 3-4.[1]

For these reasons, the Court finds that Mr. Duran has not sufficiently demonstrated that the issues in this case are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. <u>See</u> <u>United States v. Mitchell</u>, 216 F.3d at 1130. Mr. Duran therefore has not "made a substantial showing of the denial of a constitutional right" such that a certificate of appealability is warranted. 28 U.S.C. § 2253(c)(2). Accordingly, it is hereby

ORDERED that defendant Francisco Martin Duran's Motion for Certificate of Appealability [Dkt. No. 319] is DENIED.

SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 8/5/25

---

[1] Mr. Duran cites several decisions holding that other general intent crimes—such as the Gun Control Act, 18 U.S.C. § 922(g)—tolerate a reckless <u>mens</u> <u>rea</u>, and therefore are not crimes of violence under Section 924(c). <u>See</u> COA Mot. at 3-4. But none of those cases refer specifically to Section 111(b), the crime that Mr. Duran was convicted of.